■ In the Matter of Ronald Miller, Petitioner, v New York City Housing Authority, Respondent. [718 NYS2d 849] —Determination of respondent New York City Housing Authority, dated December 10, 1997, that petitioner is not entitled to occupancy of the subject public housing apartment as a remaining family member or one residing in the premises with written permission of management (transferred to this Court by order of the Supreme Court, New York County [Beatrice Shainswit, J.], entered September 25, 1998), unanimously annulled, without costs, and the petition granted to the further

extent of remanding the matter to New York City Housing Authority for hearing on the issue of petitioner's fitness for tenancy.

Under the circumstances presented, we find that respondent's determination that petitioner was not entitled to "remaining tenant" status was irrational. Among other things, we note that, petitioner's ten-year presence in the apartment had not been covert and respondent had affirmatively indicated its willingness to permit petitioner's continued occupancy subject to a criminal background check. It appears that the only significant reason given by the project manager for a denial of "remaining tenant" status was a 20 year old criminal conviction, a fact that does not automatically bar tenancy. On this record, we cannot ascertain whether a middle-aged diabetic, suffering from heart problems, asthma, hepatitis, and obesity, poses a threat to other tenants. Accordingly, an administrative hearing should be conducted to determine whether sufficient mitigating factors are present so as to render petitioner fit for tenancy. Concur—Nardelli, J. P., Mazzarelli, Lerner, Buckley and Friedman, JJ.